**CYPRUS EMERALD RESOURCES CORPORATION, Petitioner,**

v.

**FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION and Secretary of Labor, Respondents.**

Nos. 98–1442, 98–1548.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 17, 1999.

Decided Nov. 5, 1999.

R. Henry Moore argued the cause for the petitioner. Heather A. Wyman entered an appearance.

Colleen A. Geraghty, Attorney, United States Department of Labor, argued the cause for the respondents. W. Christian Schumann, Counsel, United States Department of Labor, was on brief. Norman M. Gleichman, General Counsel, Federal Mine Safety and Health Review Commission, and Robin A. Rosenbluth, Attorney, United States Department of Labor, entered appearances.

Before: GINSBURG, HENDERSON and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

Concurring opinion filed by Circuit Judge RANDOLPH.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Section 104(d)(1) of the Federal Mine Safety and Health Act of 1977 (Act) provides in part:

If, upon any inspection of a coal or other mine, an authorized representative of the Secretary [of Labor] finds that there has been a violation of any mandatory health or safety standard, and if he also finds that, while the conditions created by such violation do not cause imminent danger, such violation is of such nature as could significantly and substantially contribute to the cause and effect of a coal or other mine safety or health hazard, and if he finds such violation to be caused by an unwarrantable failure of such operator to comply with such mandatory health or safety standards, he shall include such finding in any citation given to the operator under this chapter.

30 U.S.C. § 814(d)(1). Designation of a violation as "significant and substantial" under section 104(d)(1) can have significant consequences to a mine operator. *See* 30 U.S.C. § 814(d), (e).[1] RAG Emerald Resources Corp. (Emerald), formerly known as Cyprus Emerald Resources Corp., petitions for review of a Federal Mine Safety Health Review Commission (FMSHRC, Commission) decision upholding a finding that Emerald's violation of 30 C.F.R. § 50.11(b) (50.11(b)) was "significant and substantial." *Secretary of Labor v. Cyprus Emerald Resources Corp.*, 20 F.M.S.H.R.C. 790 (1998). Emerald had challenged the finding on the ground that the plain language of section 104(d)(1) precludes designation of the 50.11(b) violation as "significant and substantial" because 50.11(b) is not "a mandatory health or safety standard" as section 104(d)(1) requires.[2] The Commission determined that

1. If the violation is found to be both "significant and substantial" and "caused by an unwarrantable failure of [the] operator to comply with [the] mandatory health or safety standards," section 104(d)(1) requires a withdrawal order for a second mandatory standard violation caused by an "unwarrantable failure to comply" within 90 days of the first. 30 U.S.C. § 814(d)(1). Section 104(d)(2) requires a second withdrawal order for "violations similar to those that resulted in the issuance of the [first] withdrawal order." *Id.* § 814(d)(2). Section 104(e)(1) requires withdrawal for "any violation of a mandatory health or safety standard which could significantly and substantially contribute to the cause and effect of a coal or other mine safety or health hazard" within 90 days after the operator has been notified of "a pattern of violations of mandatory health or safety standards in the coal or other mine which are of such nature as could have significantly and substantially contributed to the cause and effect of coal or other mine health or safety hazards." *Id.* § 814(e)(1). Once a section 104(e)(1) withdrawal order issues, section 104(e)(2) requires another such order for "any violation of a mandatory health or safety standard which could significantly and substantially contribute to the cause and effect of a coal or other mine health or safety hazard." *Id.* § 814(e)(2).

2. Mandatory safety and health standards are promulgated in accord with the procedure

the statute is ambiguous on the subject and that the Commission could therefore reasonably construe the statutory language to permit such a finding. The Commission was wrong. Section 104(d) unambiguously authorizes a "significant and substantial" finding for violation only of a mandatory health or safety standard. We therefore hold that a "significant and substantial" finding is permissible in a citation charging violation of a mandatory safety or health standard only[3] and, accordingly, grant Emerald's petition for review.

## I.

Emerald operates a coal mine and processing plant in Greene County, Pennsylvania. Refuse from the plant is ordinarily used to build up a nearby impoundment embankment pursuant to a disposal plan approved by the Federal Mine Safety and Health Administration (FMSHA) in 1983. When road or weather conditions prevent hauling refuse to the impoundment, Emerald takes it to a "short-haul" area closer to the processing plant. On April 2, 1993 FMSHA received a complaint that part of a short-haul refuse pile had collapsed and slipped into a "slurry pond."[4] An FMSHA inspector issued an "imminent danger" withdrawal order pursuant to section 107(a) of the Act, 30 U.S.C. § 817(a),[5] and

upon a subsequent inspection issued three citations charging "significant and substantial" and "unwarrantable" violations of mandatory safety standards (30 C.F.R. §§ 77.215(f), 77.215(h) and 77.1608(b)) under section 104(d)(1) for improperly constructing and using vehicles in the refuse pile. During his investigation, the inspector learned of a previous refuse pile collapse on December 27, 1992, for which the inspector also issued citations alleging "significant and substantial" and "unwarrantable" violations of the same standards. In addition, he issued citations for violating two additional regulations that are not mandatory standards: 30 C.F.R. § 50.10, for failing to notify FMSHA of the earlier collapse, and 30 C.F.R. § 50.11(b), for failing to investigate the collapse. The inspector designated the 50.11(b) violation as "significant and substantial."

After conducting a hearing, the administrative law judge issued a decision dated November 29, 1995 upholding each of Emerald's citations. *Secretary of Labor v. Cyprus Emerald Resources Corp.,* 17 F.M.S.H.R.C. 2086 (1995). In the decision, the judge specifically concluded that violation of a regulation such as 50.11(b), which is not a mandatory standard, may be designated "significant and substantial."[6]

---

set out in section 101 of the Act, 30 U.S.C. § 811 (titled "Mandatory safety and health standards"). Both the Secretary and the Commission have acknowledged that the regulation here, 30 C.F.R. § 50.11(b), was promulgated not under section 101 but under section 508, 30 U.S.C. § 957, the Act's general rulemaking provision. *See* Secretary's Brief at 17 n.6; 20 F.M.S.H.R.C. at 799 n.10.

3. This holding was foreshadowed by language in *Secretary of Labor v. FMSHRC,* 111 F.3d 913 (D.C.Cir.1997). *See, e.g.,* 111 F.3d at 917 ("Congress has plainly excluded consideration of surrounding conditions that do not violate health and safety standards."). In that case, however, we did not address the precise question raised here. We held there that the plain language of section 104(d)(1) precludes the Commission from basing a "significant and substantial" finding on conditions that did not violate the regulation under which the mine operator was cited. Because that regu-

lation *was* a mandatory standard, we did not consider whether the statute permits a "significant and substantial" finding when the violated regulation is *not* a mandatory standard.

4. According to the Commission, "slurry" is "the fine carbonaceous discharge from a mine washery." 20 F.M.S.H.R.C. at 791 n.2.

5. Section 107(a) provides that, if an inspector "finds that an imminent danger exists" at a mine, he may issue a withdrawal order requiring the mine operator to evacuate the dangerous area until an inspector determines the danger and the condition that caused it have ceased. 30 U.S.C. § 817(a).

6. The judge also stated, however, that because the citation was issued under section 104(a), and not under section 104(d), the finding was "an allegation of gravity, not an assertion of jurisdiction to apply the sanctions of [section]

Emerald petitioned the Commission to review the judge's decision.

In a decision dated August 24, 1998 the Commission, *inter alia*, upheld the Secretary's designation of the 50.11(b) violation as "significant and substantial." The three-commissioner majority concluded that section 104 was ambiguous on the issue and could therefore be construed to permit "significant and substantial" designation of such a violation.[7] Emerald petitioned for review of the Commission's decision.

## II.

■ The outcome of this proceeding rests on the interpretation of the single statutory sentence quoted above and repeated here:

> *If,* upon any inspection of a coal or other mine, *an authorized representative of the Secretary finds that there has been a violation of any mandatory health or safety standard,* and if he also finds that, while the conditions created by such violation do not cause imminent danger, such violation is of such nature as could significantly and substantially contribute to the cause and effect of a coal or other mine safety or health hazard, and if he finds such violation to be caused by an unwarrantable failure of such operator to comply with such mandatory health or safety standards, he shall include such finding in any citation given to the operator under this chapter.

30 U.S.C. § 814(d)(1) (emphasis added). If in drafting this provision " 'Congress has directly spoken to the precise question at issue,' " we "must give effect to Congress's 'unambiguously expressed intent.' " *Secretary of Labor v. FMSHRC,* 111 F.3d

913, 917 (D.C.Cir.1997) (quoting *Chevron USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). "If 'the statute is silent or ambiguous with respect to the specific issue,' we ask whether the agency's position rests on a 'permissible construction of the statute.' " *Id.* (quoting *Chevron,* 467 U.S. at 843, 104 S.Ct. 2778). We conclude, as Emerald has maintained from the start, that the highlighted portion of the quoted sentence plainly and unequivocally conditions a "significant and substantial" finding (as well as an "unwarrantable" one) upon an initial finding "that there has been a violation of [a] mandatory health or safety standard." As the two dissenting Commissioners observed, "The language of the Act is inescapable on this point." 20 F.M.S.H.R.C. at 826–27 n.1. We therefore hold that the statute does not authorize the FMSHA to designate as "significant and substantial" a violation of a regulation such as 50.11(b) that is not a mandatory health or safety standard.

Despite the clarity of the relevant language, the Commission suggests a *Chevron* detour around the statute's plain meaning. We find it impassable. The Commission asserts that the quoted statutory language is somehow rendered ambiguous by its reference to "any citation given to the operator under [chapter 22 of Title 30]," that is to any citation authorized by section 104(a). The Commission's reasoning, as far as we can discern it, runs thus: (1) section 104(d)(1) refers to a citation issued under section 104(a), which is the source of the Commission's authority to issue all citations, including those containing "significant and substantial" findings; (2) section 104(a) treats all violations identically, whether of a statutory provision, of

---

104(d)," and declined to "reach the issue whether the sanctions of § 104(d) apply to a violation of Part 50." 17 F.M.S.H.R.C. at 2099.

**7.** Unlike the administrative law judge, *see supra* note 6, the Commission majority undertook to "address the issue squarely raised by

the parties and consider whether the reference to mandatory health or safety standard in sections 104(d) and 104(e) precludes the Secretary from attaching the S&S designation to a violation of another regulatory requirement." 20 F.M.S.H.R.C. at 801.

a mandatory standard or of a regulation that is not a standard; (3) therefore, it is ambiguous whether the "significant and substantial" authority in section 104(d)(1) also applies equally to all violations. The Commission's third point simply does not follow from the other two; and, besides, it ignores the unambiguous language that the Congress used.

The Commission has also suggested we should ignore the statute's plain meaning because without authority to make a "significant and substantial" finding for violation of a regulation that is not a mandatory standard, FMSHA will be unable to enforce such regulations and the Congress's intent to promote safety and prevent accidents will therefore be thwarted. We find the Commission's concerns overblown. We believe the Act provides adequate means to enforce such regulations, including section 107(a) "imminent danger" withdrawal orders, section 104(a) citations and section 110(a) civil penalties, *see* 30 U.S.C. § 820(a). If the Secretary of Labor finds a particular practice or condition so dangerous as to require the sanctions provided in section 104(d) and (e), she may promulgate an appropriate mandatory standard under section 101, 30 U.S.C. § 811, the violation of which may properly be found "significant and substantial." Given these alternative measures, we do not believe this is one of the " ' "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." ' " *Davis County Solid Waste Management v. United States EPA*, 101 F.3d 1395, 1405 (D.C.Cir.1996) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982))).

For the preceding reasons, we grant Emerald's petition for review, reverse the Commission's 50.11(b) "significant and substantial" determination and remand for appropriate administrative action.

*So ordered.*

RANDOLPH, Circuit Judge, concurring:

Because "the doctrine of *stare decisis* is of fundamental importance to the rule of law," *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 494, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), our disposition of this case should have begun with a citation to F.3d and there it should have ended.

Today's majority opinion holds that under § 104(d)(1) of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 814(d)(1), there may be "a 'significant and substantial' finding for violation only of a mandatory health or safety standard." Maj. op. at 43. *Secretary of Labor v. FMSHRC*, 111 F.3d 913, 917 (D.C.Cir. 1997), held the same:

> As we read [§ 104(d)(1) ], the critical words are "such violation is of such nature." A "significantly and substantially" finding may be made only after an authorized representative has found a "violation" of mine safety and health regulations.... By focusing the decisionmaker's attention on "such violation" and its "nature," Congress has plainly excluded consideration of surrounding conditions that do not violate health and safety standards.

This was not dictum. It was a necessary ground for the decision, leading us to reject the argument that in making an "S & S" finding, the Secretary could consider violations of something other than a mandatory health or safety standard. As such, *Secretary of Labor v. FMSHRC* should have been treated, by the Commission and by this court, as conclusive.